IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:21-cv-162

| | |
|---|---|
| ROGER LEE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LINCOLN COUNTY, NORTH | ) |
| CAROLINA, DAVID M. CARPENTER in | ) **COMPLAINT** |
| his official capacity as Sheriff for Lincoln | ) |
| County, North Carolina and BILL BEAM in | ) |
| his official capacity as Sheriff for Lincoln | ) |
| County, North Carolina | ) |
| | ) |
| Defendants. | ) |
| | ) |

PLAINTIFF ROGER LEE JONES, by and through his counsel, brings this action against Defendants LINCOLN COUNTY, NORTH CAROLINA, DAVID M. CARPENTER, and BILL BEAM ("Defendants"), stating as follows:

## NATURE OF ACTION

1. Plaintiff Roger Lee Jones ("Plaintiff" or "Mr. Jones") was the victim of repeated sexual harassment by his supervisor, Veda Reid, during his employment working at the Lincoln County Detention Center in Lincoln County, North Carolina.

2. Mr. Jones complained about Ms. Reid's harassment to Ms. Reid's supervisors during his employment with Defendant, but Defendant took no remedial action and instead required Mr. Jones to continue working with his harasser.

3. Following Mr. Jones's complaints, Ms. Reid retaliated against Mr. Jones by instituting disciplinary actions against him based on either false or trumped-up allegations.

1

4. Mr. Jones brings claims pursuant to the protections against sexual harassment, discrimination in employment, and retaliation provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (hereinafter "Title VII").

5. Mr. Jones seeks herein to remedy the sexual harassment he suffered during his employment with Defendant.

## PARTIES

6. Plaintiff Roger Lee Jones is a resident and citizen of Gaston County, North Carolina. At the time of the allegations contained herein, he was an employee of Defendant Lincoln County, North Carolina.

7. At all times relevant to this Complaint, Mr. Jones was an "employee" of Defendant Lincoln County, North Carolina as that term is defined by Title VII.

8. At all times relevant to this Complaint, Mr. Jones was a male homosexual and a member of a protected class under Title VII.

9. Defendant Lincoln County, North Carolina is a body politic organized and existing under the laws of the State of North Carolina.

10. Defendant Lincoln County, North Carolina employed more than 15 employees for each working day in more than 20 weeks during the preceding year.

11. At all times relevant to this Complaint, Defendant was an "employer" as that term is defined in Title VII.

12. Defendant Bill Beam is a resident of Lincoln County, North Carolina and is the elected Sheriff for Lincoln County, North Carolina.

13. At all times relevant to this Complaint, Defendant Bill Beam was an "employer" as that term is defined in Title VII.

14. Defendant David M. Carpenter is a resident of Lincoln County, North Carolina and was the elected Sheriff for Lincoln County, North Carolina during some of the conduct alleged herein.

15. At all times relevant to this Complaint, Defendant David M. Carpenter was an "employer" as that term is defined in Title VII.

## ADMINISTRATIVE HISTORY

16. Mr. Jones has exhausted all administrative remedies available to him.

17. On November 11, 2019, Mr. Jones filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the November 11, 2019 EEOC Charge attached hereto as Exhibit A.

18. The EEOC issued a "Dismissal and Notice of Rights" to Mr. Jones on August 23, 2021. A copy of the August 23, 2021 Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

19. This Complaint is timely filed within 90 days from the date Mr. Jones received his Dismissal and Notice of Rights from the EEOC.

## JURISDICTION AND VENUE

20. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because this action is based on sexual harassment in violation of Title VII.

21. At all times relevant to this action, Mr. Jones was employed by Defendant in this judicial district, namely Lincoln County, North Carolina.

22. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## FACTS

23. Mr. Jones was originally hired by the Defendant on February 14, 2011 to serve as a Detention Officer at Lincoln County Detention Center.

24. Approximately one year after his hire, Mr. Jones was promoted to Sergeant, a position he retained until he was constructively discharged in May 2019.

25. At some time in 2017, Mr. Jones was transferred to working on day shift for Lincoln County Detention Center.

26. Prior to his transfer to day shift, Mr. Jones' gender and/sexual orientation was never discussed by his co-workers, supervisors, and the inmates he was assigned to guard.

27. Upon his transfer to day shift, Mr. Jones began working with Veda Reid, a First Sergeant at the Detention Center, on a daily basis.

28. Almost immediately upon his transfer, Reid began targeting Mr. Jones for harassment based on his gender and/or sexual orientation.

29. Reid's harassment was done on a systematic and regular basis and included offensive jokes, language, and threats regarding Mr. Jones' gender and/or sexual orientation.

30. Moreover, Reid's harassment was always done in front of Mr. Jones's co-workers and the inmates he was assigned to guard, leaving him at significant risk of being targeted by the inmates without the support and backup of his co-workers.

31. Some of Reid's comments, which were witnessed by Mr. Jones's co-workers Clayton C. Mullis and Adam Harczuk, included calling Mr. Jones a "faggot," a "homo," joking about Mr. Jones' "sucking cock" and wearing women's clothing.

32. On one particular occasion, Reid specifically ordered Mr. Jones to get a banana from her personal vehicle. Upon his completion of this task, Reid took the banana from Mr. Jones and began simulating oral sex on it, saying that "this is what Jones does to guys on the weekend."

33. Mr. Jones immediately left the office rather than submit himself to the ongoing harassment.

34. The comments witnessed by Mullis and Harczuk were typical of comments made to Mr. Jones on a daily basis.

35. Reid's harassment was frequently done in front of inmates who were incarcerated at the Lincoln County Detention Center.

36. Following Reid's harassment, Mr. Jones then began to be the target of hostile comments and behavior from the inmates with the encouragement and support of Reid.

37. Prior to transferring to day shift and Reid, Mr. Jones had never been the target of any sexual harassment or other offensive communications from the inmates at Lincoln County Detention Center.

38. Within months of transferring to day shift, Mr. Jones began suffering from severe anxiety, necessitating a prescription for Lexipro.

39. Throughout the two years he was on day shift, Mr. Jones complained to his Lieutenants, Alan Hauser and Charlie Green, about Reid's harassment.

40. Each time Mr. Jones made such complaints, he was told by his Lieutenants that the behavior would be addressed and corrected.

41. At no time after Mr. Jones's complaints did Reid's behavior improve.

42. Instead, Reid began targeting Mr. Jones for disciplinary actions based upon trumped-up and/or false allegations.

43. For example, at some time in early 2018, Reid falsely alleged that Mr. Jones abandoned his post.

5

44. Reid's false allegation was investigated by Hauser and Green, only to be found that Mr. Jones left his post upon Reid's orders to assist her elsewhere in the facility.

45. Reid's false allegation came within days after Mr. Jones had reported Reid to Hauser and Green for her simulated sex on a banana.

46. Hauser and Green did not punish Reid for making the false allegation.

47. At some time in early 2019, Mr. Jones began to look for work to get away from Reid's constant harassment.

48. In May 2019, Mr. Jones secured a position working security at the Atrium Health Lincoln facility.

49. Upon securing the position with Atrium Health, Mr. Jones resigned his position with Defendant.

50. Mr. Jones took a significant pay cut in order to work at Atrium Health so as to avoid the hostile work environment and constant retaliation facilitated by Reid.

## COUNT I – DISCRIMINATION IN VIOLATION OF TITLE VII

51. Mr. Jones hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. Mr. Jones, a homosexual man, is a member of a protected class.

53. Defendants have engaged in intentional gender discrimination in the terms and conditions of Mr. Jones's employment, including, but not limited to, permitting discriminatory and harassing conduct by Mr. Jones's supervisor and co-workers because of Mr. Jones's gender and/or sexual orientation.

54. Defendants' conduct, as alleged herein, was carried out with reckless disregard for Mr. Jones's right to be free from discrimination based on his gender and/or sexual orientation.

55. Defendants' policies, practices, and conduct toward Mr. Jones have had an unjustified and adverse impact on Mr. Jones and constitutes gender and/or sexual orientation discrimination in violation of Title VII.

56. As a direct and proximate result of Defendants' discriminatory conduct, Mr. Jones suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

57. Defendants have engaged in discriminatory practices with malice and reckless indifference to Mr. Jones's federally protected rights, thereby entitling him to punitive damages.

58. Mr. Jones is entitled to recover his reasonable attorneys' fees and costs.

## COUNT II – HOSTILE WORK ENVIRONMENT

59. Mr. Jones hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

60. Defendant had an affirmative duty to maintain a workplace that was free of harassment based on Mr. Jones's sexual orientation and/or gender.

61. As alleged above, Defendants' discriminatory conduct towards Mr. Jones altered the terms of his employment and, accordingly, constituted a hostile work environment for him.

62. As a direct and proximate result of the hostile work environment created, nurtured, and permitted by Defendant, Mr. Jones suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to Mr. Jones's federally protected rights, thereby entitling Plaintiff to punitive damages.

64. Mr. Jones is entitled to recover his reasonable attorneys' fees and costs.

## COUNT III – RETALIATION

65. Mr. Jones hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66. Title VII prohibits retaliation against employees who oppose discrimination prohibited by the statute.

67. Plaintiff engaged in protected activity within the meaning of Title VII by reporting Reid's harassment to his supervisors.

68. Plaintiff was punished by Reid for making his truthful reports.

69. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

70. Defendants' actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROGER LEE JONES requests that this Court enter judgment in his favor and against Defendants LINCOLN COUNTY, NORTH CAROLINA and BILL BEAM, and further:

(a) Award Mr. Jones compensatory damages to be determined by a jury, plus demonstrated past and future pecuniary damages on each of the above-stated counts;

(b) Award Mr. Jones litigation costs and expenses, including, but not limited to, reasonable attorneys' fees; and

(c) Award Mr. Jones such other and further relief as may be appropriate.

## **JURY DEMAND**

Plaintiff ROGER LEE JONES hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted, this the 16th day of November, 2021.

>BY: /s/ Joseph D. Budd
>JOSEPH D. BUDD
>N.C. Bar No. 44263
>OSBORN GAMBALE BECKLEY & BUDD PLLC
>721 W. Morgan Street
>Raleigh, North Carolina 27603
>joe@counselcarolina.com
>T: 919.373.6422
>F: 919.578.3733